# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MARK D. MCDANIEL, M.D., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 13-cv-06500 |
| ) | |
| LOYOLA UNIVERSITY MEDICAL ) | Judge Robert M. Dow, Jr. |
| CENTER, TRINITY HEALTH ) | |
| CORPORATION, LOYOLA ) | |
| UNIVERSITY CHICAGO, WILLIAM ) | |
| HOPKINSON, M.D., TERRY LIGHT, ) | |
| M.D., WILLIAM CANNON, M.D., ) | |
| DANE SALAZAR, M.D., and ) | |
| ALEXANDER GHANAYEM, M.D. ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff's motion for document preservation order [36], in which Plaintiff seeks an order "requiring Defendants to preserve all relevant documents for the duration of the litigation." [60] at 3. For the reasons discussed below, Plaintiff's motion [36] is denied.

**I.     Background**

On September 21, 2013, Plaintiff filed a complaint in this case – alleging employment discrimination, hostile work environment, breach of contract, defamation, and tortious interference – and then filed an amended complaint on October 30, 2013. On November 26, 2013, Plaintiff filed his motion for document preservation order [36], which is currently before the Court. On December 5, 2013, the parties appeared before the Court for an initial status hearing and presentation of Plaintiff's motion for a preservation order, at which time the Court directed the parties to confer in an effort to resolve the preservation issues in a mutually

agreeable way. See [45]. After discussing the issues raised in Plaintiff's motion, the parties submitted a joint status report to the Court on January 14, 2014. In the report, Defendants evinced their belief that they had adequately assuaged Plaintiff's spoliation concerns, rendering his preservation motion moot. Plaintiff, however, was unwilling to withdraw his motion, so Defendants filed a response in opposition on January 28, 2014, to which Plaintiff replied on February 12, 2014.

Plaintiff filed his motion seeking a preservation order after he learned that Defendant Loyola University Medical Center ("Loyola Medical") planned to migrate its e-mail system to a new platform. Loyola Medical currently is in the process of transitioning to Microsoft Outlook from its current provider, GroupWise, whose license to Loyola Medical expires on June 30, 2014. Plaintiff's desire for a preservation order is premised on a fear that e-mails relevant to this litigation will be erased or somehow lost when that license expires. As part of their efforts to resolve Plaintiff's concerns after the December 5, 2013 status hearing, Defendants provided Plaintiff a list of 71 custodians whom Defendants believe may have electronically stored information ("ESI") relevant to the litigation. Plaintiff proposed an additional 21 custodians, and, after further discussion, the parties agreed that Defendants would add 20 of those custodians to their list. Along with the joint status report, Defendants submitted an affidavit from Loyola Medical's Chief Information Officer, Arthur Krumrey, attesting that Loyola Medical "will *not* 'implement[] new [data preservation and retention] policies and procedures without regard to preserving electronically stored information that may be relevant to this action' in a manner that 'will result in the spoliation of evidence.'" [46-1] ¶ 9. Rather, Krumrey said, Loyola Medical has taken steps to ensure that the data from every custodian whom it believes to be in possession of relevant evidence "will be preserved as it currently exists" after the migration. *Id.* at ¶ 10.

Defendants expected that this would resolve Plaintiff's concerns, but Plaintiff continues to seek a preservation order.

In their original November 26, 2013 motion, Plaintiff requested that the Court "order Defendants to preserve all existing electronically stored information including data and e-mail communications, dating from 2003 to the present." [36] at 3. After his subsequent discussions with Defendants, however, Plaintiff seems to have softened his position a bit, and in his reply brief merely requests that the "Court enter an order requiring Defendants to preserve all relevant documents for the duration of the litigation." [60] at 3.

## II. Analysis

After reviewing the parties' joint status report, Defendants' response brief, and Plaintiff's reply, the parties appear to be talking past each other at this point and, in actuality, are in complete agreement regarding Defendants' preservation obligations. A party has "a duty to preserve evidence over which it had control and 'reasonably knew or could reasonably foresee was material to a potential legal action.'" *Wiginton v. Ellis*, 2003 WL 22439865, at *4 (N.D. Ill. Oct. 27, 2003) (quoting *China Ocean Shipping (Group) Co. v. Simone Metals Inc.*, 1999 WL 966443, at *3 (N.D. Ill. Sept. 30, 1999) (collecting cases). "A party must preserve evidence that is properly discoverable under Rule 26." *Wiginton*, 2003 WL 22439865 at *4. Federal Rule of Civil Procedure 26 states that "[r]elevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). But a party does not have to go to "extraordinary measures" or "preserve every single scrap of paper in its business" to comply with these obligations. *Wiginton*, 2003 WL 22439865 at *4. Instead, a party "must preserve evidence that is has notice is reasonably likely to be the subject of a discovery request even before a request is actually received." *Id.*

Defendants represent that Loyola Medical issued litigation holds to those 71 employees who may have information relevant to this litigation on September 26, 2012, almost a year before Plaintiff filed his initial complaint in this case. Since then, Loyola Medical has sent periodic litigation hold reminders to those employees and has taken similar precautions with respect to the additional 20 custodians on whom the parties agreed. Plaintiff argues that "even though a list of custodians was agreed on, the Defendants should still be under an obligation to preserve any relevant documents." [53] ¶ 8. "Plaintiff does not want any agreement to a list of custodians to be interpreted as an agreement that Defendants have complied with all of the relief sought in the motion or with their obligations to preserve relevant documents." *Id.* Plaintiff points out that "Defendants are required to investigate the documents and electronically-stored information in their custody to determine what is relevant to the litigation, and it is highly probable that some such documents exist outside the reach of the agreed-upon custodians." [60] at 2. Defendants fully agree. Defendants recognize that, irrespective of any preservation order from the Court, they "are already under an obligation to preserve evidence," ([56] at 6), and have represented that "they have [no] intention of shirking that duty." *Id.* at 5. Nevertheless, Plaintiff insists that, even though Rule 26 imposes an identical obligation on Defendants, a preservation order is a necessary additional precaution. The Court disagrees.

"A motion to preserve evidence is an injunctive remedy and should issue only upon an adequate showing that equitable relief is warranted." *In re African-American Slave Descendants' Litigation*, 2003 WL 24085346, at *2 (N.D. Ill. July 15, 2003). In deciding whether to enter a preservation order, courts in this district have considered (1) whether Plaintiff can demonstrate that Defendants will destroy necessary documentation without a preservation order, (2) whether Plaintiff will suffer irreparable harm without a preservation order, and (3) the

burden that likely will result from granting a preservation order. See *id.* Here, Defendants explicitly acknowledge their duty to preserve discoverable evidence in this case and have been making substantial efforts in that regard since well before Plaintiff commenced this lawsuit. *Id.* In light of Defendants' representations in their response brief and the parties' joint status report, the Court is satisfied that a preservation order is unnecessary. Such an order would be superfluous and needlessly burdensome in this instance, where Defendants are fully apprised of the scope and gravity of their preservation duties and the consequences of breaching them. In sum, Plaintiff has failed to demonstrate that Defendants will destroy discoverable information and that he will suffer irreparable harm without a preservation order, and so the Court sees no reason to enter one.

The Court, however, reminds Defendants – as Plaintiff points out – that simply preserving evidence for the agreed-upon custodians does not, by itself, satisfy Defendants' preservation obligations. If discoverable evidence exists elsewhere, that evidence also must be preserved.

### III. Conclusion

For the reasons stated, the Court denies Plaintiff's motion for document preservation order [36].

Dated: May 5, 2014

_____
Robert M. Dow, Jr.
United States District Judge