IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARK D. MCDANIEL, M.D., | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 13 CV 6500 |
| | ) |
| v. | ) Judge Robert M. Dow |
| | ) |
| | ) Magistrate Judge Michael T. Mason |
| LOYOLA UNIVERSITY MEDICAL | ) |
| CENTER, et al. | ) |
| | ) |
| Defendants. | ) |

## ORDER

Written Opinion entered by the Honorable Michael T. Mason: For the reasons set forth below, plaintiff's motion for protective order [208] is denied, and defendants' cross-motion to reconvene the plaintiff's deposition before a discovery referee [220] is denied. Defendants are allowed to take additional 3.5 hours of deposition testimony of plaintiff limited to the supplemental document production issued to defendants between February 2-4, 2016. However, the Court will not require that the deposition take place before a discovery referee. Additionally, plaintiff's motion for leave to take in excess of ten depositions [215] is denied. However, the Court will allow the plaintiff to take three additional depositions based on the defendants' apparent willingness to allow that number of additional depositions. The status hearing set for 3/24/16 is stricken. A status hearing is scheduled for 4/6/16 at 9:00 a.m.

## STATEMENT

The background of this matter has been discussed in previous Court orders and party motions. In brief, plaintiff Mark McDaniel, M.D. ("McDaniel" or "plaintiff") brought this action alleging that he was wrongfully terminated from Loyola University Medical Center's ("LUMC" or "defendants") orthopaedic residency program and exposed to a hostile work environment. Defendants contend that misrepresentations in plaintiff's surgical case logs, his poor attendance, and his lack of professionalism were the factors that lead to his termination.

Oral fact discovery is scheduled to close on March 30, 2016. (Dkt. 167.) On February 12, 2016, plaintiff filed a motion for protective order (Dkt. 208) seeking an order from the Court prohibiting defendants from reconvening plaintiff's deposition in excess of 7 hours, and on

February 29, plaintiff filed a motion for leave to take in excess of ten depositions. (Dkt. 215.) In its response to plaintiff's motion for a protective order, the defendants cross-moved to reconvene plaintiff's deposition before a discovery referee. (Dkt. 220.) The motions are interrelated and refer to similar discovery matters; therefore, the Court addresses all three motions in this written opinion.

**PLAINTIFF'S MOTION FOR PROTECTIVE ORDER & DEFENDANTS' CROSS MOTION TO RECONVENE THE DEPOSITION BEFORE A DISCOVERY REFEREE**

On December 14, 2015, the defendants issued a notice of deposition to the plaintiff for February 4, 2016. (Dkt. 220-1 at p. 8.) On February 2 and on February 4, the morning of the deposition, plaintiff provided defendants with two supplemental document productions (totaling in excess of 1,500 pages). (*Id.* at p. 20-23.) McDaniel then sat for a seven-hour deposition during which defense counsel stated that additional testimony is required because of the supplemental document productions and the case is document intensive. (Dkt. 208 at p. 15.)

Plaintiff seeks an order from this Court barring the defendants from re-deposing plaintiff in excess of the seven hours allotted under Fed. R. Civ. P. 30(d)(1). Plaintiff claims that prior to commencing the deposition, the defendants should have postponed McDaniel's deposition, reserved time to re-depose him or filed an appropriate motion with the Court in order to re-depose plaintiff. (*Id.* at p. 2-3.)

In their response and cross-motion (Dkt. 220), the defendants argue that additional time is needed to explore plaintiff's claims against the defendants because the plaintiff issued two supplemental document productions two days before the deposition and on the morning of the deposition. Defendants also argue that the plaintiff was evasive and obstructive in refusing to answer questions during the deposition. (*Id.* at p. 4, 6-13.) Accordingly, the defendants claim that they are in need of additional time to depose the plaintiff and further testimony should occur before a discovery referee. (*Id.* at p. 5.)

### Legal Standard

Pursuant to Rule 26(c)(1), the court may grant a motion for protective order, "for good cause," to protect a person from "annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). It is within the trial court's discretion to determine what factors constitute "good cause." *See Crawford–El v. Britton*, 523 U.S. 574, 598 (1998) ("Rule 26 vests the trial judge with broad discretion to tailor discovery narrowly and to dictate the sequence of discovery."); *see also Searls v. Glasser*, 64 F.3d 1061, 1068 (7th Cir.1998) ("Because the district court is far better situated to pass on discovery matters, we review its discovery decisions for an abuse of discretion.")

**Analysis on Motion for Protective Order and Cross-Motion to Reconvene Plaintiff's Deposition Before a Discovery Referee**[1]

Plaintiff argues that good cause exists to prohibit the defendants from reconvening the deposition because the defendants have known that this is a document-intensive case, and therefore, defendants should have asked for additional time prior to February 4 (the day of the plaintiff's deposition).

We agree that the defendants have known that this is a document intensive case and that is not a basis to reconvene the deposition. However, in this Court's opinion, the plaintiff has not met its burden of demonstrating that good cause exists to enter a protective order entirely prohibiting the defendants from reconvening plaintiff's deposition. In this respect, the plaintiff produced what is described to be in excess of 1,500 pages two days before and the morning of the deposition. Thus, it is entirely reasonable for defendants to be allowed extra time to depose the plaintiff. Moreover, plaintiff's counsel agreed to allow the defendants to take additional testimony with regard to the recently produced documents. (Dkt. 208 at p. 5.) Therefore, the plaintiff's motion is denied.

While the Court does not find that good cause exists to enter a protective order entirely prohibiting the defendants from reconvening plaintiff's deposition, the defendants are allowed 3.5 hours to re-depose the plaintiff for the purpose of questioning him with regard to the information in the plaintiff's supplemental document production produced between February 2-4, 2016.

In addition, it does not appear to be a good use of the parties' resources to require a discovery referee to sit with the parties for 3.5 hours of testimony. As the Court believes that the parties can work through any disputes regarding the plaintiff's answers, the Court declines to grant defendants' cross-motion to reconvene the deposition before a discovery referee.

## MOTION FOR LEAVE TO TAKE IN EXCESS OF TEN DEPOSITIONS

On February 29, 2016, plaintiff filed a motion for leave to take in excess of ten depositions. (Dkt. 215.) Plaintiff states that the parties are cooperating with regard to the presumptive 10 deponents. (Dkt. 214 at p. 7, ¶13.) In the motion, plaintiff seeks leave to take an additional 34 depositions on top of the 10 allowed under Rule 30 of the Federal Rules of Civil Procedure ("Rule 30"). The additional 34 deponents consist of 24 unidentified

---

[1] Prior to filing a motion for protective order, the movant must confer in good faith with the opposing party in an effort to resolve the matter without court action. *See* Federal Rule 26(c)(1) and Local Rule 37.2. Email correspondence attached to the defendants' brief demonstrates that the parties made an attempt to resolve a motion that the *defendants* intended to file regarding re-convening the deposition. (Dkt. 220-1 at p. 159.) It is not clear from the record that the plaintiff informed the defendants that he intended to file a discovery motion. Nevertheless, the Court finds that the parties have complied with the spirit of the rules and will not deny plaintiff's motion on that basis.

individuals who were purportedly listed in Defendants' Rule 26(a)(1) disclosures (*see* Dkt. 214 at p. 3-4, ¶5 and 8, ¶13 ("This leaves twenty-four individuals identified by Defendants . . . " )) as well as another 10 unidentified individuals (*Id.* at p. 9 ("Plaintiff also seeks the depositions of five current Loyola physicians, one attending ... one co-resident ... and three co-residents who were junior to Dr. McDaniel ... ")).

Plaintiff argues that the additional deponents consist of plaintiff's classmates, attending physicians, residents at LUMC, staff members and members of the hearing panel who have information regarding plaintiff's interpersonal and communication skills; technical/surgical skills; and information pertaining to plaintiff's attendance and alleged falsification of case logs. (*Id.* at p. 5-9.) Plaintiff contends that the individuals are likely to be uncooperative with respect to sitting for depositions because they are either current employees of LUMC or former residents of LUMC who now live out-of-state.

Defendants argue that plaintiff has not demonstrated that the additional depositions are necessary under Rule 26 and has not identified the need for the depositions in this case with specificity or particularity. Moreover, defendants argue the plaintiff has not exhausted the 10 depositions allowed under Rule 30. Defendants also point out that based on email communications with the plaintiff's counsel between February 11 and February 29 (Dkt. 217-2), the plaintiff's request for additional depositions was a moving target rising from an additional 11 (on February 11) to an additional 26 (in the early afternoon on February 29) to an additional 34 by the time plaintiff filed their motion later that afternoon. Defendants state that they were willing to allow the plaintiff to take 3 additional depositions beyond the 10 provided under Federal Rule 30 but an additional 34 depositions is unwarranted. (Dkt. 217 at p. 5.)

### **Legal Standard**

Pursuant to Rule 30(a)(2), "[a] party must obtain leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(1) and (2) ... if the parties have not stipulated to the deposition and:(i) the deposition would result in more than 10 depositions being taken under this rule or Rule 31 by the plaintiffs ..." Fed. R. Civ. P. 30.

Under Rule 26(b)(1) and (2), the "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. ... (C) the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26

4

## Analysis on Motion for Leave to Take in Excess of Ten Depositions

Plaintiff asserts generally that the proposed 34 deponents are witnesses with knowledge of the plaintiff's interpersonal and communication skills; technical/surgical skills; and information pertaining to plaintiff's attendance and alleged falsification of case logs and that at least some of them were identified in the Defendants Rule 26(a)(1) disclosures.[2] However, the plaintiff has not specified who, exactly, he seeks to depose. This Court acknowledges that the plaintiff identified, by name, the individuals listed in Defendants Rule 26(a)(1) disclosures, but the plaintiff has not identified who are the 24 individuals from that list, nor the additional 10 deponents, who he wants to sit for depositions assuming his motions was granted. Even if plaintiff had identified the deponents, the Court would be reluctant to grant the motion and allow plaintiff to take an additional 34 depositions without relating the importance of their testimony to the issues in the litigation as required under Rule 26.

The purpose of the limitation in Rule 30 is to force counsel to think long and hard about who they want to depose and courts should not freely grant relief from the limits without a showing of need. *See e.g., Procaps S.A. v. Patheon, Inc.*, Case No. 12-24356-CIV, 2015 WL 2090401, at *3-5 (S.D. Fla. May 5, 2015) (granting, in part, a motion for leave to take depositions based on supplemental document production and a change in plaintiff's legal theory of the case but limiting testimony to a certain number of hours); *San Francisco Health Plan v. McKesson Corp.*, 264 F.R.D. 20, 21 (D. Mass. 2010) (denying motion for leave to take depositions of two additional witnesses but authorizing depositions of nine additional witnesses on the condition that the party seeking the additional depositions pay the reasonable costs incurred by the opposing party for any additional depositions beyond the first five).

Allowing the plaintiff to take 34 unidentified depositions would likely result in discovery that is simply not well-planned and would lead to cumulative, unnecessary testimony. As demonstrated in the parties' correspondence leading up to this motion, the number of deponents that plaintiff seeks has been a moving target. Plaintiff has not established let alone argued, the knowledge that each proposed deponent may bear on the claims at issue, and the Court is not certain that there is a need for 34 additional depositions in proportion to the needs of the case.

Moreover, oral discovery closes March 30, 2016.[3] (Dkt. 167.) Plaintiff does not expressly acknowledge the discovery cutoff date, and this Court is stumped as to why the plaintiff has waited until now, only a few weeks before oral fact discovery is set to close to seek leave

---

[2] Based on a review of the docket, it appears that the parties' Rule 26(a)(1) disclosures were exchanged in 2014. (Dkt. 129 at p.3.)

[3] The initial agreed deadline to complete oral fact discovery was December 31, 2015. (Dkt. 129.) The parties later agreed to extend oral fact discovery to February 16, 2016 (Dkt. 146) and March 30, 2015. (Dkt. 166.)

to take an additional 34 depositions. It would seem that even if the parties were allowed an extra 6 months to complete oral discovery they still would not be able to depose an additional 34 doctors and hospital staff. In short, the Court finds that the proposed discovery is outside the scope permitted by Rules 30 and 26(b), and will not allow the plaintiff to take 34 additional depositions. That being said, the Court recognizes that there are multiple defendants in this action and even the defendants have been willing to allow the plaintiff to take 3 additional depositions. Accordingly, the Court will allow the plaintiff to take 3 additional depositions.


**Date: March 21, 2016**                                              /s/ Michael T. Mason